## Commonwealth, for Farquar *vs* Colgan, *et al.*

### ERROR TO THE JEFFERSON CIRCUIT.

*Distress for rent.   Replevy.   Pleadings by defendant.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

DEBT.

*Case* 104.

*June* 20.

The case stated.

THIS is an action of debt instituted in the name of the Commonwealth, for the use of Wm. Farquar against John Colgan and his sureties, on his official bond as Constable, for taking insufficient sureties in two replevin bonds taken by him as Constable, under distress warrants, which had been issued by a Justice of the Peace, in the name and on the affidavit of Farquar, as the agent for Daniel Smith, the surviving partner of Smith & Keats. The defendants appeared and pleaded in substance in two pleas, that the rent for which the distress warrants issued, was due and payable in Bank paper and not in money, and that after the institution of the suit, on the motion of

In an action a-
gainst a Consta-
ble and sureties
for failing to
take sufficient
sureties in a re-
plevin bond,
from a defendant
under a distress
warrant for rent
alledged to be
due, plea that
the rent was not
payable in mo-
ney, and there-
fore distress
warrant did not
lie, not good
plea.

Justices of the
Peace who issue
and to whom dis-
tress warrants
for rent alledged
to be due and in
arrear are re-
turnable, have
no judicial pow-
er to go behind

the tenant, on notice to Farquar, the Justice quashed the distress warrants, bonds, and executions thereon. The distress warrants were for rents under fifty dollars, and the replevin bonds and proceedings were properly return-able before the Justice. To these pleas the Common-wealth, by her attorney, demurred, and the Circuit Court overruled the demurrer, and judgment being rendered against the Commonwealth, she has appealed to this Court.

Were the matters averred in the pleas a bar to the plain-tiff's action? We think they were not. Formerly land-lords issued their own distress warrants, and the remedy of tenants in cases of injury or wrongful distress, was by writ of replevin, action on the case, or trespass, as the case might require. And these were their only modes of redress. The statute of 1811, (2 *Stat. Laws*, 1356,) restrained landlords from issuing their own warrants, and conferred the power upon Justices of the Peace. But in this transfer of power from the landlord to the Justice, no authority is conferred on the Justice to inquire into or determine whether any rent was or was not due, but he was authorized to issue the warrant upon the affidavit of the landlord to the amount of rent due and in arrear. And by the same statute, the distress warrant and reple-vin bond which was authorized to be taken, in case the tenant chose to replevy the same for three months, were made returnable to the Circuit Court of the county, whose Clerk was directed to issue an execution thereon when the same became due; and the warrant and replevin bond were in no case made returnable to the Justice, however small the amount, until by a late statute they were made returnable to the Justice in cases under fifty dollars, and he was directed, in such cases, to issue executions on the bonds.

It is clear that by the provisions of the statute of 1811, no judicial power over the subject was intended to be conferred on the Justice. He was not authorized to in-quire into and determine whether any rent was or was not due and in arrear, nor whether the same was or was not payable in money, nor was the landlord even requi-red to exhibit to him the evidence of his claim, but mere-

ly to make oath to the amount, whereupon the Justice is to issue the warrant. We think, therefore, that the Justice has no power under the statute referred to, upon mere motion, to take jurisdiction of the subject and go behind the warrant and inquire into and determine whether rent was or was not due and payable in money, and upon that determination to quash the subsequent proceedings. If the Legislature had intended to confer such power, they would have conferred the power to make the inquiry upon the application for the warrant. Not having conferred it nor provided any mode by which a subsequent inquiry could be had by motion or otherwise, we conclude that the tenant, in case of injury or wrongful distress, is left to his ancient remedy by replevin, action on the case, or trespass, and that the only change contemplated by the act in this respect, was to transfer the power of issuing the warrant from the landlord to the Justice, and to require that its emenation should be sanctioned by the oath of the landlord as to the amount due and in arrear in money.

*COMMONWEALTH FOR FARQUAR vs COLGAN, et al.*

*the warrant and determine whether rent be or be not due.*

It is true that by a late statute, (3 *Stat. Laws*, 500,) distress warrants and replevin bonds taken thereon, when the amount shall be fifty dollars or under, are required to be returned to the Justice who issued the warrant, and he is required to issue executions thereon. Though this change in the statute of 1811, as to the place where the warrant and subsequent proceedings are made returnable, and the power of the Justice to issue execution, may perhaps confer on the Justice the power to control, correct, and quash the warrant and subsequent proceedings, for errors appearing on their face, and perhaps for errors of fact accruing after the emenation of the warrant, as incidental to the control which is given him over the proceedings; yet as no more power is conferred on the Justice in issuing the warrant, we cannot admit that he can go behind it, and in a summary mode of proceeding, by motion, inquire into previous matters, and upon such inquiry, quash the whole subsequent proceedings. Nor can we admit that the facts averred, "of no rent due and payable in money," can be relied on or made available as a bar to the plaintiff's action in this case. The war-

*For a wrongful issue of distress warrants, the remedy to the injured party is by action of trespass, case, or replevin as he may find most appropriate.*

rants were good upon their face, and furnished a complete justification to the Constable for distraining the property of the tenant, or taking his replevin bond, and cannot be collaterally impeached in a proceeding against him on his official bond for a breach of his duty in taking insufficient security in the bond. The tenant may submit to the bond and take his remedy against the landlord in some of the modes of proceeding intimated, and the Constable has no right to complain nor to escape from a breach of his official duty, by going into an inquiry of matters *inter alias acta*, and with which he had no connection. And so this Court intimated in the case of *Miller et al.* vs *The Commonwealth, for the use of Gwathmey*, (4 *B. Monroe*, 304.)

The judgment of the Circuit Court is reversed and cause remanded, that the demurrer to the defendant's pleas may be sustained and further proceedings had.

*Pirtle* for plaintiff: *Guthrie* for defendants.

---

DEBT.

*Case* 105.

June 20.

The case stated.

Question for decision.